AAA Plumbers v. DPMC--Briarcliff, L.P. (Dissent)















NUMBER 13-03-00237-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

THE NEW AAA APARTMENT PLUMBERS, INC.,
D/B/A AAA PLUMBERS,                                                              Appellant,

v.

DPMC – BRIARCLIFF, L.P.,                                                           Appellee.
                                                                                                                       

On appeal from the 113th District Court of Harris County, Texas.
                                                                                                                       

DISSENTING OPINION

Before Justices Hinojosa, Yañez, and Garza
Dissenting Opinion by Justice Hinojosa

          The majority concludes that the evidence in this case is factually sufficient to
establish that appellee received actual notice that a lien affidavit was filed against his
property pursuant to section 53.055 of the Texas Property Code. See Tex. Prop. Code
Ann. § 53.055 (Vernon Supp. 2004). Section 53.055 provides, in relevant part:
A person who files an affidavit must send a copy of the affidavit by registered
or certified mail to the owner or reputed owner at the owner’s last known
business or residence address not later than the fifth day after the date the
affidavit is filed with the county clerk.
 
Id. In interpreting this statute, the majority holds: “The statute . . . does not require that
the lien affidavit actually be filed before notice is sent.” Because I disagree with the
majority’s interpretation, I respectfully dissent. 
          It is a cardinal rule of statutory construction that we are to give effect to the intent
of the legislature. Fleming Foods of Tex. v. Rylander, 6 S.W.3d 278, 284 (Tex. 1999). If
the language in a statute is unambiguous, we must seek the intent of the legislature as
found in the plain and common meaning of the words and terms used. Sorokolit v.
Rhodes, 889 S.W.2d 239, 241 (Tex. 1994). In applying the plain and common meaning
of the language in a statute, courts may not by implication enlarge the meaning of any word
in the statute beyond its ordinary meaning; such implication is inappropriate when
legislative intent may be gathered from a reasonable interpretation of the statute as it is
written. Id. 
          Section 53.055 clearly provides: “[a] person who files an affidavit” must send notice
“no later than the fifth day after the date the affidavit is filed.” Tex. Prop. Code Ann. §
53.055 (Vernon Supp. 2004) (emphasis added). Twice the statute refers to the filing of the
affidavit. I would hold that section 53.055 requires that a lien affidavit actually be filed
before notice is sent.
          Because the record in this case shows that notice was sent before the affidavit was
filed, not after, I would hold the evidence is factually insufficient to establish that appellee
received the notice required by section 53.055. Accordingly, I would overrule appellant’s
second issue and address appellant’s remaining issue regarding the exclusion of
testimony.
          Therefore, I respectfully dissent.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Dissenting Opinion delivered and filed this
the 26th day of August, 2004.